GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1898.—Decided May 31, 1919.

DEBT—PARTNERSHIP—LIQUIDATION.—When a partnership is dissolved and liquidated any partner has a right to claim what belongs to him according to the result of the balance sheet.

APPEAL—EVIDENCE.—The evidence introduced at the trial having been examined in connection with certain admissions made by defendant-appellant, *Held:* That the judgment was supported by the evidence and there was no good reason for interfering with the findings of the lower court.

ID.—ID.—The five causes of action set up in the complaint having been examined, *Held:* That the facts alleged to determine each of them were sufficient to constitute a cause of action.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. José Sabater* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by defendant Hernán Alvarez Quiñones from a judgment of the District Court of Mayagüez against him and in favor of plaintiff Carmen González Armas for a certain sum of money.

The amended complaint, filed on September 28, 1917, set up five causes of action under the following averments:

### FIRST CAUSE OF ACTION.

1. By a public instrument executed on June 6, 1914, plaintiff and defendant formed an industrial partnership under the firm name of Successors of J. Polanco for engaging in the business of the purchase and sale of drugs in an establishment to be called "Carmen," the defendant, being a licensed pharmacist, to be the manager of the business of the partnership.

2. Under the contract the defendant contributed only his services and industry to the partnership in return for one-half of the net profits and the plaintiff was to receive the other half, the general expenses to be charged in the proportion of two-thirds to the partnership and one-third to the plaintiff.

3. The time fixed for the duration of the partnership having expired, a general balance was struck on May 15, 1917, by mutual consent and by the defendant himself, from which it resulted that the defendant's personal account showed a debit of $941.46 and his share in the profits being $823.68, there was a balance against him and in favor of the plaintiff of $117.78.

## SECOND CAUSE OF ACTION.

1. Averments 1, 2 and 3 of the first cause of action are reproduced under No. 1 and it is further alleged:

2. That when the general balance was struck on May 15, 1917, the cash on hand was shown to amount to $1,664.63.

3. That when the plaintiff took possession of the cash on hand it actually amounted to only $1,461.52, there being a deficit of $203.11 which the defendant had disposed of.

## THIRD CAUSE OF ACTION.

1. That Vicente Alvarez Quiñones owed the partnership the sum of $215.11 for drugs which his brother, defendant Hernán Alvarez Quiñones, had sold and delivered to him at different times, and the defendant made himself responsible for the debt, but has not paid it in whole nor in part.

## FOURTH CAUSE OF ACTION.

1. That while striking the balance referred to in the first cause of action the defendant took for himself drugs, medicines and cash to the amount of $20 which he has not paid to the plaintiff.

## FIFTH CAUSE OF ACTION.

1. That in accordance with the partnership contract the general expenses were to be charged in the proportion of two-thirds to the partnership and one-third to the plaintiff.

2. That as a result of the balance struck on May 15, 1917, the defendant had to pay the sum of $13.65 as his proportional share of the expenses of the partnership, which sum he has not paid although payment has been demanded of him.

The prayer of the complaint is for judgment that the plaintiff recover from the defendant the net sum of $569.65 which is the total of the items mentioned under the several causes of action, with legal interest thereon, and the costs, expenses, disbursements and attorney fees.

The defendant demurred to the complaint, alleging lack of jurisdiction in the court to hear and determine any of the causes of action pleaded therein and that it did not state facts sufficient to constitute a cause of action. Later he answered the complaint in the manner presently to be related.

The defendant admitted all of the facts alleged in the first cause of action.

He admitted the first and second allegations of the second cause of action, but denied the third, and as new matter of defense alleged: I. That prior to May 15, 1917, the defendant delivered the drug-store to the plaintiff, who took possession of it, a balance being struck on that date; II. That while the balance was being struck the defendant delivered to the plaintiff and she received as the owner the stock, accounts and cash that were being inventoried and included in the balance and the balance was finished on May 15, the defendant receiving the drug-store and the stock as inventoried; III. That the balance having been signed, the defendant retired from the establishment without taking anything.

As to the third cause of action, the defendant admitted that Vicente Alvarez Quiñones owed to the plaintiff $215.11, and as new matter added that he made an agreement with the plaintiff whereby he promised to endeavor to collect the said sum for the plaintiff.

The defendant denied the facts alleged under the 4th and 5th causes of action of the complaint.

The case having been tried and both parties having examined their evidence, the court found the following facts:

"(1) That by an instrument executed in San Germán on July 6, 1914, before Notary Benito Forés, plaintiff and defendant formed an industrial partnership under the name of Successors of J. L. Polanco for the purchase and sale of drugs in an establishment called 'Carmen' situated in San Germán, and the time fixed for the duration of the partnership having expired, on May 15, 1917, the parties struck a general balance of the said drug-store from

which it resulted that the defendant's personal account amounted to $941.66 while his half share in the profits was $823.58, there being a balance of $117.78 against him and in favor of plaintiff.

"(2) That according to the said liquidation the cash on hand amounted to $1,664.63, but the actual sum in the bank and received by the plaintiff was only $1,461.52, there being therefore a difference of $203.11 which should be included in the liquidation and which belongs to the plaintiff and the defendant in equal parts; therefore the defendant owes to the plaintiff her half of that sum, or $101.56.

"(3) That the defendant, as manager of the said partnership, on several occasions sold on credit to his brother, Vicente Alvarez Quiñones, drugs from the establishment amounting to $215.11, which debt the defendant assumed and had charged to his account in the books of the partnership.

"(4) That the defendant took from the said drugstore, after the partnership had been dissolved, the sum of $20 in cash, and according to the contract he had to bear one-third of the expenses, which, up to May 15, 1917, consisted of $5 for rent and $1.55 for lighting.

"(5) That the said sums have not been paid, either wholly or in part, to the plaintiff by the defendant or by any other person."

Under the foregoing findings judgment was entered on February 8, 1918, that the plaintiff, Carmen González Armas, recover from the defendant, Hernán Alvarez Quiñones, the sum of $461, with legal interest from the date of the filing of the complaint, and the costs, expenses, disbursements and attorney fees.

From that judgment the defendant appealed to this court, alleging that the court erred in overruling the demurrer as to the insufficiency of the facts to constitute a cause of action, and that the evidence does not support the judgment.

The third allegation under the first cause of action to the effect that after the partnership had expired a general balance was struck on May 15, 1917, by mutual consent and by the defendant himself, from which it resulted that the defendant's personal account amounted to $941.46 and his share in the profits to $823.68, there being a balance against him and in favor of the plaintiff of $117.78, shows clearly that

the partnership was dissolved by expiration and that according to the liquidation the defendant owed the plaintiff the sum of $117.78.

If according to the balance struck by mutual consent the cash on hand should amount to $1,664.63, on which basis the liquidation was made, and later when the plaintiff took possession of the cash it resulted that it actually amounted to only $1,461.52, as alleged in the second cause of action, it is obvious that there was a deficit of $203.11 which, as alleged by the plaintiff, the defendant appropriated to himself; therefore he owed the plaintiff half of that sum which she had failed to receive.

As under the third cause of action it is alleged by the plaintiff that Vicente Alvarez Quiñones owed the partnership the sum of $215.11 and that his brother, defendant Hernán Alvarez Quiñones, assumed that debt and charged it to his personal account, the third cause of action contains all the elements of an obligation contracted by the defendant with the plaintiff.

As to the fourth and fifth causes of action, it being alleged by the plaintiff that while the balance was being struck the defendant took for himself the sum of $20 in drugs, medicines and cash, which he had no right to do, and that after striking the balance he owed the sum of $13.65 as his share of the general expenses of the partnership, chargeable in the proportion of two-thirds to the partnership and one-third to the plaintiff, it is evident that an action lies for the collection of said sums.

The appellant maintains that in any event, not the plaintiff, but the partnership, composed of her and the defendant, would be entitled to collect the said sums, for the reason that the partnership had not been dissolved and liquidated. That theory is untenable, for, as above stated, the partnership was dissolved and liquidated on May 15, 1917, when the balance was struck with the result explained in the complaint.

Regarding the second ground of appeal to the effect that

the evidence is insufficient to sustain the judgment, we have examined the evidence introduced at the trial in connection with the admission made by defendant in the new matter in opposition to the second cause of action, and we find that the judgment is supported by the weight of the evidence, there being no good reason for interfering with the findings of the lower court.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.